UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BACNER DE JESUS OSORIO SALAZAR,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, MESA VERDE DETENTION CENTER, et al.,<br><br>Respondents. | No. 1:26-cv-01728-DAD-AC<br><br>ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS HAVING BEEN RENDERED MOOT<br><br>(Doc. Nos. 1, 2) |

On March 3, 2026, petitioner Bacner De Jesus Osorio Salazar filed a petition for writ of habeas corpus pursuant to 29 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) Petitioner alleges that he entered the United States in June 2023, and on February 16, 2026, was placed in detention when he was stopped by ICE while visiting his family. (*Id.* at ¶¶ 15, 17.) Petitioner does not clarify in his petition whether he had previously been detained by immigration authorities. (Doc. Nos. 1, 2.) Petitioner requests that the court issue a writ of habeas corpus ordering respondents to immediately release him from custody and granting petitioner attorney's fees. (Doc. No. 1 at 5.) Also on March 3, 2026, petitioner filed a motion for temporary restraining order. (Doc. No. 2.) The court set a briefing schedule as to that motion, directing respondents to address whether any

1

provision of law or fact in this case would distinguish it from the circumstances addressed in this court's recent decisions in *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025) or *Rangel v. Noem*, No. 1:26-cv-00084-DAD-CSK, 2026 WL 73996 (E.D. Cal. Jan. 9, 2026).  (Doc. No. 5.)

On March 5, 2026, respondents filed an opposition to petitioner's motion for a temporary restraining order and petition for writ of habeas corpus.  (Doc. No. 7.)  Therein, respondents concede that "there are no significant factual or legal issues in this case that materially distinguish it from the cases identified in the Order."  (*Id.* at 1.)  Notably, *Perez* involved re-detention of the petitioner in that case.  Respondents also volunteer that "judicial economy counsels that the Court should go further and enter a final judgment granting habeas corpus on the merits."  (*Id.*)

Accordingly, pursuant to the court's reasoning as stated in *Perez*, the court will grant the pending petition for writ of habeas corpus in part.

For the reasons explained above,

1.      Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED, in part, as follows:

     a.      Respondents are ORDERED to immediately release petitioner from respondents' custody on the same conditions he was subject to immediately prior to his re-detention on February 16, 2026;

     b.      Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden of demonstrating by clear and convincing evidence that petitioner is a danger to the community or a flight risk;

     c.      Petitioner's request for attorney's fees and costs pursuant to 28 U.S.C. § 2412 is DENIED without prejudice to bringing a properly noticed and supported motion;

/////

2.    Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby

DENIED as having been rendered moot in light of this order; and

3.    The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to

CLOSE this case.

IT IS SO ORDERED.

Dated:   **March 6, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE